UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| HARDIK PRAJAPATI, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | No. 2:26-cv-00290-JPH-MG |
| | ) | |
| BRISON SWEARINGER Clay County Sheriff, SAMUEL OLSON in his official capacity as Acting Field Office Director of Enforcement and Removal Operations, Chicago Field Office, Immigration and Customs Enforcement, MARKWAYNE MULLIN in his official capacity as Secretary, U.S. Department of Homeland Security, TODD BLANCHE Attorney General of the United States, | ) ) ) ) ) ) ) ) ) ) ) | |
| | ) | |
| Respondents. | ) | |

**ORDER**

Petitioner Hardik Prajapati has filed a petition for writ of habeas corpus. Dkt. 1.

In that petition, Petitioner sets forth one ground for relief—"Respondents' application of § 1225(b)(2)" violates his Fifth Amendment due process rights. *Id.* ¶¶ 31-32. Petitioner alleges that he is an "arriving alien" so "his detention is governed by 8 U.S.C. § 1225(b)(2)" but does not explain why he is an "arriving alien." *Id.* ¶ 31. Respondent contends that Petitioner is also an "applicant for admission." Dkt. 6 at 4. Petitioner does not say whether he agrees that he is an "applicant for admission." Dkts. 1; 9.

1

In *Castañon-Nava, v. U.S. Dep't of Homeland Sec.,* 161 F.4th 1048 (7th Cir. 2025), a decision that carries persuasive authority due to its procedural posture, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. *See also Cunha v. Freden,* No. 25-3141-PR, 2026 WL 1146044 (2d Cir. Apr. 28, 2026). This Court has previously reached the same conclusion. *See, e.g., Alejandro v. Olson,* No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at \*7 (S.D. Ind. Oct. 11, 2025).

To resolve the issue as framed by Petitioner, the Court would have to determine whether his detention under § 1225(b)(2) violates Petitioner's Fifth Amendment due process rights. Before even reaching the Constitutional question, however, the Court most likely could resolve this Petition based on the threshold issue of whether § 1225(b)(2) even applies to Petitioner. *Jones v. United States* 529 U.S. 848, 849 (2000) ("[W]here a statute is susceptible of two constructions, by one of which grave and doubtful constitutional questions arise and the other of which such questions are avoided, our duty is to adopt the latter.") (citations omitted); *Cunha,* 2026 WL 1146044 at \* 21.

The Court therefore **ORDERS Petitioner to file a supplement to his Petition no later than 5:00 p.m. on May 6, 2026**, stating his position as to whether he is an "applicant for admission." Petitioner's supplement must also address whether he believes the Court should resolve his Petition on Constitutional grounds rather than deciding based on a narrower, statutory

2

basis, i.e., whether § 1225(b)(2) applies to Petitioner, and if so, why.

**Respondents must file any reply to Petitioner's supplement no later than 5:00 p.m. on May 8, 2026.**

**SO ORDERED.**

Date: 5/4/2026

James Patrick Hanlon
United States District Judge
Southern District of Indiana

Distribution:

Nazly Mamedova
Law Office of Nazly Mamedova
nazly@nazlylaw.com

Liberty L. Roberts
Church Church Hittle & Antrim
lroberts@cchalaw.com

Shelese M. Woods
DOJ-USAO
shelese.woods@usdoj.gov